BUCHALTER NEMER
A Professional Corporation
MICHAEL L. MEEKS (SBN: 172000)
LOUISE TRUONG (SBN: 293811)
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612-0514
Telephone: (949) 760-1121
Fax: (949) 720-0182
Email: mmeeks@buchalter.com

Attorneys for Plaintiffs and Counter-Defendants
AG GLOBAL PRODUCTS, LLC, a California limited liability company; and
FHI BRANDS, LLC, a Delaware limited liability company

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AG GLOBAL PRODUCTS, LLC, a California limited liability company; and FHI BRANDS, LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>SALLY BEAUTY HOLDINGS, INC., a Delaware corporation; SALLY BEAUTY SUPPLY, LLC, a Delaware limited liability company; and DOES 1 through 10, inclusive,<br><br>Defendants.<br><br>SALLY BEAUTY HOLDINGS, INC. and SALLY BEAUTY SUPPLY LLC,<br><br>Defendants/Counterclaimants,<br><br>vs.<br><br>AG GLOBAL PRODUCTS, LLC and FHI BRANDS, LLC,<br><br>Plaintiffs/Counterdefendants. | Case No. 2:16-cv-02364-R-JPR<br><br>[Assigned to the Honorable Manuel L. Real – Courtroom 8]<br><br>**JOINT RULE 26(F) REPORT** |

Pursuant to F.R.C.P. Rule 26(f), and the Court's Order Setting Status (Pretrial Scheduling) Conference, the parties hereby submit this Joint Rule 26(f) Report.  Michael Meeks and Kari Barnes of Buchalter Nemer, A Professional Corporation, counsel for Plaintiffs and counterdefendants AG GLOBAL PRODUCTS, LLC and FHI BRANDS, LLC (jointly "Plaintiffs"), timely met and in person with David Stein and conferred via telephone with Holly Saporito of Alston & Bird LLP, counsel for Defendants and counterclaimants SALLY BEAUTY HOLDINGS, INC. and SALLY BEAUTY SUPPLY LLC (jointly "Defendants" or "Sally Beauty"), on August 25, 2016 pursuant to F.R.C.P. Rule 26(f).

**BRIEF STATUS REPORT**

(a) A brief summary of the claims and legal theories under which recovery is sought or liability is denied:

Plaintiffs have asserted claims for infringement of a design patent for United States Design Patent No. US D750384 ("the '384 Patent") covering the ornamental design of a heated hair brush handle, back, and tip.  Plaintiffs sell the patented heated hair brush under the name "Stylus."  Defendants sell a similar heated hair brush incorporating the same design elements convered by the '384 Patent. Plaintiffs also assert a trade dress claim under the Lanham Act concerning the same design elements.

Sally Beauty asserts that it does not infringe the '384 Patent because Sally Beauty does not manufacture, use, sell, or offer to sell in the United States, or import into the United States, any product that infringes the '384 Patent or that an ordinary observer would believe is substantially the same as the patented design. Sally Beauty further asserts that to the extent any similar elements exist between the accused Sally Beauty product and the '384 Patent or Plaintiffs' alleged trade rights, those elements are purely functional and not entitled to design patent or trade dress protection. Sally Beauty further alleges that it does not infringe any of Plaintiffs'

asserted trade dress rights and has not otherwise committed any acts in violation of the Lanham Act because it has not sold products in a manner likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of those products. Sally Beauty further alleges that Plaintiffs' asserted trade dress rights are invalid and unprotectable because the trade dress is functional in nature, is not distinctive, and has not acquired secondary meaning, making members of the public associate that trade dress with Plaintiffs or a common source or origin. Sally Beauty further asserts that the '384 Patent is invalid for failure to claim patent-eligible subject matter under 35 U.S.C. § 101, for failure to comply with the requirements of 35 U.S.C. § 112, for failure to claim a new, original, and ornamental design under 35 U.S.C. § 171, and in light of prior art under 35 U.S.C. §§ 102 and 103. Status of service upon all defendants and cross-defendants:

    (b)    Status of service upon all defendants and cross-defendants:

All Defendants and cross-defendants have been served.

    (c)    Possible joinder of additional parties:

The parties do not anticipate any additional parties will be joined.

    (d)    Contemplated amendments to the pleadings, including to simplify or clarify the issues and eliminate previous claims and defenses:

None at this time.

## RULE 26(f) REQUIREMENTS

The parties have considered the nature and basis of their claims and defenses as set forth in Section (a) *supra*. The parties discussed the possibilities for promptly settling or resolving the case through participation in private mediation or the court-sponsored alternative dispute resolution program. The parties discussed any issues about preserving discoverable information, of which none were raised. The parties developed a proposed discovery plan, which is set forth below:

    (e)    Anticipated discovery and the scheduling of discovery, including:

(1) Rule 26(f)(3)(A): What changes, if any, should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made, and whether further discovery conferences should be held;

Plaintiffs propose that the attached patent rules for disclosure of infringement contentions and invalidity contentions, and other issues relating to the patent infringement claims be applied to discovery concerning patent infringement and invalidity claims for relief. Defendants understand that this Court has not adopted patent rules, but Defendants would be amenable to proceeding under the attached patent rules or with traditional discovery if the Court prefers. Attached hereto as Exhibit A is a copy of the proposed Patent Rules.

For all other non-patent claims and defenses, the parties agreed that no changes are needed as to the timing, form, or requirement for disclosures under Rule 26(a). The parties agreed to Friday, September 2, 2016 as the date when initial disclosures were to be exchanged. The parties will remain open to further discovery conferences if the need should arise in the future.

(2) Rule 26(f)(3(B): The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases;

The parties agree that discovery may be needed on the following subjects:

    i. Liability, including

        A. Patent infringement contentions and invalidity contentions;

        B. The file history for the '384 Patent;

        C. Plaintiffs' and Defendants' advertising and marketing materials for the hair brushes at-issue;

        D. Defendant's alleged copying the look and feel of Plaintiffs hairbrush at-issue;

        E. The various elements of the patent, trade dress, non-infringement claims in the Complaint and Counter-Claim;

        F. Prior art to the '384 Patent;

        G. The functionality of the elements of Plaintiffs' brush;

        H. The various elements of the affirmative defenses; and

        I. Defendant's knowledge of, if any, and/or intent to copy, if any, Plaintiffs' trade dress.

    ii. Damages, including

        A. Plaintiffs' alleged lost profits, past and future;

        B. Defendant's profits resulting from the alleged unlawful activities;

        C. Information supporting Plaintiffs' request for punitive damages; and

        D. Defendants' attorney fees incurred in defending this case to support Defendants' request for attorney fees under Section 285 of the Patent Act.

Nothing in the Joint Report should be understood to constitute a waiver of any objections to discovery, including objections to the relevance of documents or information that may fall within categories listed in this Report.

The parties agree that discovery should commence forthwith and should be completed on or before June 30, 2017. The parties do not believe it is necessary or beneficial at this time to limit discovery to pre-defined phases.

    (3) Rule 26(f)(3)(C): Electronically Stored Information:

The parties do not expect any issues regarding the disclosure, discovery, or preservation of electronically stored information;

    (4) Rule 26(f)(3)(D): Privilege Issues

The parties do not expect any issues regarding claims of privilege.

The parties expect to agree upon a protective order to protect confidential or proprietary materials produced during discovery and have substantially completed a draft of that protective order as of the time of the filing of this Report.

The parties agree that trial preparation materials and other inadvertently produced privileged materials will be handled in accordance with F.R.C.P. Rule 26(b)(5)(B), and that these claims may be asserted within a reasonable time after written notice of an inadvertent production. The parties may ask the Court to include their agreement in an Order under FRE 502.

    (5) Rule 26(f)(3)(E): What changes, if any, should be made in the limitations on discovery imposed under the Civil Rules and what other limitations, if any, should be imposed.

The parties agree there is no need for discovery limitations beyond those set forth in the Federal Rules of Civil Procedure and/or the Local Rules. The parties further agree that in the event additional discovery may be necessary beyond what is allowed by the rules, that they will meet and confer in good faith and, if necessary, seek leave of court for additional discovery.

The type of discovery contemplated includes service of written discovery requests (requests for admissions, special interrogatories, and requests for production of documents); depositions of parties and certain party officers and employees; depositions of third parties; and subpoenas to third parties for the production of documents.

    (6) Rule 26(f)(3)(F): Any other orders that the court should issue under Rule 26(c) or Rule 16(b) and (c).

The parties anticipate submitting a jointly proposed protective order and are working to provide such an order to the court for consideration. The parties do not

believe at this time that there are any other orders that the Court should issue under Rule 26(c) or Rule 16(b) and (c).

   (7) The timing of the disclosure of expert witnesses and information required by Rule 26(a)(2):

The parties propose April 30, 2017 as the deadline for disclosure of expert witnesses and information required by Rule 26(a)(2) on issues on which the party has the burden of proof. The parties propose May 30, 2017 as the deadline for disclosure of rebuttal expert witnesses and information required by Rule 26(a)(2).

   (8) Proposed dates for discovery cut-off.

The parties propose June 30, 2017 as the discovery cut-off date.

The parties request that the court set a trial date in October 2017 consistent with the court's calendar.

The parties are aware of no additional matters that may be conducive to the just and expeditious disposition of the case.

          Respectfully submitted,

DATED: September 12, 2016  BUCHALTER NEMER
               A Professional Corporation

              By: /s/ Louise Truong
                Michael L. Meeks
                Louise Truong
             Attorneys for Plaintiffs and Counterclaim
              Defendants AG GLOBAL PRODUCTS,
               LLC and FHI BRANDS, LLC

DATED: September 12, 2016  Alston & Bird LLP

              By: /s/ David M. Stein
                David M. Stein
             Attorneys for Defendants and
            Counterclaimants SALLY BEAUTY
              HOLDINGS, INC.